BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: BELVIQ (Lorcaserin) PRODUCTS LIABILITY LITIGATION ) ) ) | MDL Docket No.: 3005 |

**INTERESTED PARTY RESPONSE IN SUPPORT OF MOTION FOR TRANSFER OF ACTIONS FOR CENTRALIZATION OF PRETRIAL PROCEEDINGS PURSUANT TO JPML RULE 6.2(e) AND 28 U.S.C., § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("Panel"), counsel for Plaintiffs in *Scala v. Eisai, Inc. et al.*, 5:21-cv-00210, pending in the Middle District of Florida, and *Davis v. Eisai Inc., et al.*, 4:20-cv-00762, pending in the Western District of Missouri (the "Interested Parties"), respectfully submit their Interested Party Response in support of transferring and centralizing all Belviq personal injury and product liability claims to the United States District Court for the Eastern District of Louisiana. The Interested Parties further submit that coordination before the Honorable Lance M. Africk of the Eastern District of Louisiana is the most appropriate venue for such proceedings.

I. **CONSOLIDATION TO THE EASTERN DISTRICT OF LOUISIANA IS WARRANTED UNDER 28 U.S.C. § 1407.**

Under 28 U.S.C. § 1407, the Panel may consolidate numerous cases if the moving party sufficiently demonstrates the following: (1) the lawsuits contain common questions of fact; (2) consolidation best serves the convenience of the parties and witnesses; and (3) consolidation promotes just and efficient conduct of such actions. *See* 28 U.S.C. § 1407. For all of the following reasons, the Belviq actions squarely meet these statutory requirements and centralization is warranted.

### A.     The Belviq Lawsuits Contain Common Questions of Fact.

First, each of these actions, including the Interested Parties' claims, allege nearly identical causes of action, namely that Belviq was unsafe and caused serious injuries, including various cancers. This Panel has expressly recognized the presence of these common issues in prescription drug cases. *See, e.g., In re: Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004) (transferring actions that "share allegations concerning the safety of Zyprexa"). Although these cases often involve plaintiff-specific causation defenses, the Panel has made clear that these differences do not impede centralization. *See In re: AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 710 F. Supp. 2d 1378, 1379 (J.P.M.L. 2010) (stating that "[s]ection 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer.").

### B.     Centralization to the Eastern District of Louisiana is Convenient and Promotes a Just and Efficient Resolution for All Parties.

Thirteen (13) cases have been filed to date across twelve (12) federal courts. Beasley Allen has filed two of these. In addition, Beasley Allen has filed one state court action pending in the Superior Court of New Jersey, Bergen County Law Division. Importantly, Beasley Allen has been retained in an additional 55 cases alleging Belviq-related cancers. Many of these claims will likely be filed in the coming months. Due to the number of cases currently filed along with the numbers expected to be filed, informal coordination would be impractical. As explained in *In re: Xarelto*, "the considerable growth in the litigation over the past few months demonstrates that informal coordination is not practicable." *In re: Xarelto*, 2014 WL 7004048 *1. All of the currently pending actions, along with imminent future actions, are or will be based upon the same or substantially similar facts that, among other things, Belviq caused their cancer. Without centralization, the already substantial and increasing number of actions will result in higher costs for the litigants and

duplicative discovery. Moreover, the absence of centralization would require circuit courts to expend countless resources while considering the same or substantially similar issues. All of these factors are inconsistent with the spirit and purpose of 28 U.S.C. § 1407. *See* Hon. John G. Heyburn II, A View from the Panel: Part of the Solution, 82 Tul. L. Rev. 2225, 2236 (2008).

### C.   Informal Coordination is Not Feasible.

All Belviq cases are or will be based on substantially similar underlying facts, including questions of general causation. These issues will require considerable discovery, likely involving court guidance. Without consolidation of these issues before one MDL judge, the parties will likely obtain differing discovery rulings from different courts, and the various scheduling orders will likely make informal coordination impossible. There are already multiple firms with filed Belviq cases and many more firms actively investigating Belviq cases, which will make informal coordination more unlikely. Consolidation of these matters before one MDL judge would conserve judicial resources and prevent duplicative discovery and inconsistent pretrial rulings. (See *In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 997 F. Supp. 2d 1354, 1356 (J.P.M.L. 2014)( "the increased presence of apparently unique counsel, coupled with the increased number of involved actions, districts, and judges, makes it highly difficult, if not impossible, to coordinate this litigation effectively on an informal basis.").

Moreover, the Belviq actions involve foreign Defendants, namely Eisai Co., Ltd., located in Tokyo, Japan, and Arena Pharmaceuticals, GmbH, located in Zofingen, Switzerland. Accordingly, the Belviq litigation will undoubtedly require foreign discovery. As the *In re: Xarelto* Panel explained, discovery in foreign countries renders informal coordination "unlikely." *In re: Xarelto*, 2014 WL 7004048 *1.

## II.	CONCLUSION

For the foregoing reasons, the Interested Parties respectfully request transfer and coordination of all cases to the United States District Court for the Eastern District of Louisiana before Judge Lance M. Africk. The Interested Parties herein agree with the arguments presented by Douglas & London, P.C.'s, Motion for Transfer of Action for Consolidated Pretrial Proceedings as well the arguments presented in the Interested Party Responses filed by Levin Papantonio Rafferty and Morgan & Morgan.

Dated: May 5, 2021

                                                Respectfully submitted,

BY:   /s/ W. Roger Smith, III
         W. Roger Smith, III
         Ryan J. Duplechin
         David P. Dearing
         **BEASLEY, ALLEN, CROW,**
         **METHVIN, PORTIS & MILES, P.C.**
         Post Office Box 4160
         Montgomery, Alabama 36103
         Phone: (334) 269-2343
         Fax:   (334) 954-7555
         Email: Roger.Smith@BeasleyAllen.com
         Email: Ryan.Duplechin@BeasleyAllen.com
         Email: David.Dearing@beasleyallen.com

         *Counsel for Plaintiffs*