**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: BELVIQ (LORCASERIN HCI) PRODUCTS
LIABILITY LITIGATION                                                              MDL No. 3005

**ORDER DENYING TRANSFER**

  **Before the Panel:**[*] Plaintiffs in seven actions move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Louisiana.[1] Alternatively, moving plaintiffs do not oppose centralization in the Eastern District of New York, the Middle District of Florida, or the District of New Jersey. The litigation consists of thirteen actions pending in ten districts, as listed on Schedule A. Additionally, the Panel has been notified of seven potentially-related actions. Responding plaintiffs in all but one of the involved actions support centralization, although some disagree as to the preferred transferee district. Plaintiff in the Eastern District of New York *Zottola* putative class action opposes inclusion of her action in any MDL. Defendants Eisai, Inc. and Arena Pharmaceuticals, Inc. oppose the motion but, in the event of centralization, suggest that the Eastern District of Louisiana or the Southern District of New York would be appropriate transferee districts.[2]

  On the basis of the papers filed and the hearing session held,[3] the Panel is not persuaded that centralization under Section 1407 would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. The thirteen actions before us include twelve

---

[*] One or more Panel members who could be members of the putative class in this litigation have renounced their participation in this class and have participated in this decision.

[1] Movants are plaintiffs in the following actions listed on Schedule A: Northern District of Alabama *Smith*, Eastern District of Louisiana *Fuller*, Western District of Louisiana *Kaylor*, District of New Jersey *Crawford*, Eastern District of New York *Steinman*, Northern District of New York *Reynolds-Sitzer*, and Western District of Oklahoma *Puskas*.

[2] CVS Health Co., which is a defendant only in the Eastern District of New York action, did not respond to the motion.

[3] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of July 29, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 3005 (J.P.M.L. July 12, 2021), ECF No. 60.

individual personal injury actions and one putative class action alleging that lorcaserin hydrochloride, the active ingredient in the weight loss medication Belviq, is a potential carcinogen. The individual plaintiffs claim that they developed a variety of different cancers, including breast cancer, colorectal cancer, thyroid cancer, and cancer of the parotid gland, as a result of taking Belviq.[4]  Plaintiff in the *Zottola* putative class action asserts claims under state consumer protection statutes, as well as common law claims for, *inter alia*, breach of warranty and fraudulent concealment.  The actions thus involve common factual issues relating to the development, testing, and marketing of Belviq; defendants' knowledge of health risks posed by the drug; and the extent of defendants' disclosures as to those risks.  A number of considerations nevertheless counsel against centralization.

First, although it has been nearly eighteen months since the U.S. Food and Drug Administration requested that defendant Eisai withdraw Belviq from the market, only a limited number of actions have been filed, many by the same plaintiffs' counsel.  The proponents of centralization predict that the litigation will grow and ultimately will encompass hundreds or thousands of cases.  At this time, however, we are presented with, at most, twenty actions.  As we often have stated, we are "disinclined to take into account the mere possibility of future filings in our centralization calculus."  *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013).

Furthermore, movants have failed to meet their burden of establishing that centralization would be the most efficient path for this litigation.  The record before us indicates that individualized factual issues concerning causation will predominate and diminish the potential to achieve significant efficiencies in an MDL.  The actions allege a broad range of cancers without indicating the mechanism by which Belviq allegedly causes the various cancers.[5]  Additionally, some plaintiffs allegedly took Belviq for as little as a month or two, while others claim to have taken it for several years or more.

Lastly, a number of factors suggest that informal coordination would be practicable.  All actions are in their early stages.  Plaintiffs in over half the actions before us are represented by the same counsel, and four of the other actions are pending in the same district, where two already have been related before the same judge.  Both defendants are represented in all underlying actions by national counsel, who are coordinating with one another.  Defendants and movants have reached agreements regarding a number of discovery issues, which will apply to all actions brought by movants' counsel.  And defendants have offered to cross-notice all corporate witness depositions and share generic fact discovery in all actions.  In these circumstances, it should be possible to minimize duplicative discovery through cooperative efforts.  *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (noting that parties could cross-notice depositions, stipulate that discovery relevant to more than one action be

---

[4]  In addition, plaintiffs in three potentially-related actions allege cancer of the appendix, bladder cancer, and ovarian cancer.

[5]  Notably, the clinical health study that led to Belviq's withdrawal from the market found no increased incidence of six of the seven forms of cancer alleged in the involved cases.

-3-

usable in all those actions, seek orders from the involved courts directing coordination of pretrial efforts, or seek a stay). *See also* Manual for Complex Litig., Fourth, § 20.14 (2004).

Taking all of these factors into consideration, we conclude that centralization is not the preferable course. *See, e.g., In re Covidien Hernia Mesh Prods. Liab. Litig.*, 481 F. Supp. 3d 1348, 1349 (J.P.M.L. 2020) ("[C]entralization under Section 1407 should be the last solution after considered review of all other options.") (quoting *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011)).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407 for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Catherine D. Perry        Nathaniel M. Gorton
Matthew F. Kennelly       David C. Norton
Roger T. Benitez          Dale A. Kimball

IN RE: BELVIQ (LORCASERIN HCI) PRODUCTS
LIABILITY LITIGATION  MDL No. 3005

## SCHEDULE A

<u>Northern District of Alabama</u>

SMITH v. EISAI, INC., ET AL., C.A. No. 5:20−01278

<u>Middle District of Florida</u>

SCALA v. EISAI, INC., ET AL., C.A. No. 5:21−00210
BATAYEH v. EISAI, INC., ET AL., C.A. No. 6:21−00406
MARTINEZ v. EISAI, INC., ET AL., C.A. No. 6:21−00615
MILANA, ET AL. v. EISAI, INC., ET AL., C.A. No. 8:21−00831

<u>Eastern District of Louisiana</u>

FULLER, ET AL. v. EISAI, INC., ET AL., C.A. No. 2:20−01675

<u>Western District of Louisiana</u>

KAYLOR, ET AL. v. EISAI, INC., ET AL., C.A. No. 5:21−00058

<u>Western District of Missouri</u>

DAVIS v. EISAI, INC., ET AL., C.A. No. 4:20−00762

<u>District of New Jersey</u>

CRAWFORD, ET AL. v. EISAI, INC., ET AL., C.A. No. 2:21−02439

<u>Eastern District of New York</u>

STEINMAN, ET AL. v. EISAI, INC., ET AL., C.A. No. 1:20−02608

<u>Northern District of New York</u>

REYNOLDS−SITZER, ET AL. v. EISAI, INC., ET AL., C.A. No. 1:21−00145

<u>Southern District of New York</u>

ZOTTOLA v. EISAI, INC., ET AL., C.A. No. 7:20−02600

<u>Western District of Oklahoma</u>

PUSKAS, ET AL. v. EISAI, INC., ET AL., C.A. No. 5:20−00868